## J. W. HUGHES v. P. O. THWEATT ET AL.

1. CHANCERY PLEADING.   *Plea.   Assignee of note.   Want of consideration.*
   A plea of total want of consideration is sufficient in law to a bill in chancery by the assignee of a promissory note to foreclose a mortgage on real estate executed by the maker to secure it.   Code 1871, § 2228.

2. SAME.   *Reply to plea of want of consideration.   Fraud.*
   In order to show that there was a consideration, the complainant should take issue on the plea ; or, if the maker executed the note and mortgage to defraud his creditors, that fact should be replied.

3. BANKRUPTCY.   *Assignee.   Appeal.*
   A bankrupt may appeal from an adverse decree, if his assignee, who has been made a party to the suit, fails to plead or assert any claim in behalf of creditors.

APPEAL from the Chancery Court of Claiborne County.

Hon. THOMAS Y. BERRY, Chancellor.

*J. D. Vertner*, for the appellant.

The complainants are not *bona fide* holders of the notes ; but, by virtue of Code 1871, § 2228, the want of consideration can be pleaded against them.   The mortgage is an executory contract ; and even if the complainants had replied fraud, the rule *In pari delicto potior est conditio defendentis* would render the reply insufficient in law.   They cannot rebut the defence of want of consideration, either by direct evidence showing that the notes were given with a view to defraud the mortgagor's creditors, or by arguing from the facts stated in the plea that they were so given.   *Wearse v. Peirce*, 24 Pick. 141. The appellant has an interest in his property, notwithstanding his bankruptcy, and until his assignee assumes to protect it for him and his creditors, he can do so himself.

*E. S. Drake*, for the appellees.

To construe the statute (Code 1871, § 2228) as authorizing a plea of want of consideration in a case like this will make it a means of fraud.   The statute was designed to protect innocent persons who make notes under a supposed consideration, which afterwards turns out not to exist.   But the notes here, as the record shows, were executed, like the mortgage,

in order to defraud the maker's creditors. Hughes cannot take advantage of his own wrong. The fraud is apparent upon the face of the plea. To deliberately put notes upon the market, in the name of his wife, who received full value, and then plead want of consideration to the suit upon the notes, amounts to a fraud upon the public. The assignee having been made a party to the suit, Hughes cannot prosecute this appeal. He has no interest in the subject-matter, and is not a proper party defendant to the suit. *Bass* v. *Nelms*, 56 Miss. 502.

CHALMERS, J., delivered the opinion of the court.

P. O. Thweatt and Greenfield Quarles, partners under the firm name of Thweatt & Quarles, filed their bill against J. W. Hughes, alleging that they were the assignees for value of two notes executed by him to his wife, which were protected by a mortgage on real estate, and praying for a foreclosure of the mortgage by sale of the land. The defendant, by formal plea, averred that the notes were totally without consideration, having been by him executed to his wife at a time when he owed her nothing. This plea, having been set down for argument by the complainant, upon its sufficiency in law, was adjudged insufficient by the court.

We see no legal objection to the plea. It was proper and even technical in form, and certainly good in substance, under Code 1871, § 2228, which entitles the maker of promissory notes to plead against assignees " all want of lawful consideration, failure of consideration, payments," &c., &c., " in the same manner as though the suit had been brought by the obligee or payee." It is suggested by counsel that the action of the court was based upon the idea that the plea showed that the notes and mortgage had been executed by the husband to his wife in fraud of his creditors, and that therefore he could not resist payment of them in the hands of *bona fide* purchasers. This is not true. There is no suggestion of any sort in the plea, except that the notes were wholly without consideration, and therefore void, and, having been set down as insufficient in law, it must be judged by its language, and not by inferences or arguments. If the fact suggested by counsel is true, the complainant should have replied to the plea; or, if he desired to show that there was a consideration

for the notes, he should have taken issue on it. Code 1871, § 1023.

There is no merit in the suggestion that this appeal cannot be prosecuted by Hughes because the record shows that he had been adjudged a bankrupt. The assignee in bankruptcy having been made a party declined or failed to plead, and must therefore be regarded as having declined to assert any claim on behalf of creditors.

*Reversed and remanded, with leave to reply to the plea.*